# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONNELL VERNON COLE, #323-990 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PJM-17-2080 |
| FRANK B. BISHOP, Warden, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

On July 25, 2017, Petitioner Ronnell Vernon Cole filed this 28 U.S.C. § 2254 habeas corpus petition attacking his 2004[1] convictions in the Circuit Court for Baltimore County, Maryland, for attempted first degree murder and unlawful use of a handgun in commission of a crime of violence. The Circuit Court sentenced Cole to life imprisonment plus a consecutive term of twenty years. Petition, ECF No. 1. Respondents filed an Answer seeking dismissal of the Petition as an unauthorized successive petition under 28 U.S.C. § 2244(b)(3)(A). Answer, ECF No. 2. Cole filed a Reply. Pet. Reply, ECF No. 4. Cole argues in his Reply that the Petition is not successive because he is actually innocent and there is newly discovered evidence that supports his claim of actual innocence. *Id.*

After considering the pleadings, exhibits, and applicable law, this Court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016); Rule 8, *Rules Governing Section 2254*

---

[1] On November 2, 2004, Cole was convicted in the Circuit Court of Baltimore County of attempted first degree murder and first degree assault in Criminal Case No. 03K-03003705. *See* http://casesearch. courts.state.md.us/casesearch/inquiryDetail.jis?caseId=03K03003705&loc=55&detailLoc=K.(last visited October 11, 2017). Cole was sentenced on November 16, 2004. *See Cole v. Maryland,* Case No. 03-K-03-003705 Statement of Reasons (Cir. Ct. for Baltimore County, June 3, 2016); ECF No. 1-1. The Petition contains a typographical error regarding the sentencing date as it identifies the date of sentencing as November 16, 2014. Petition, ECF No. 1 at 1. Respondents' Answer incorrectly shows the year of conviction as 2006. Response, ECF No. 3.

*Proceedings in the United States District Courts*. For reasons to follow, the Petition will be DISMISSED without prejudice for lack of jurisdiction.

## Background

On August 20, 2010, Cole filed his first §2254 petition attacking his attempted first degree murder and first degree assault convictions. *Cole v. Shearin,* PJM-10-2316, ECF No. 1. Cole raised four claims for review: (1) the post conviction judge abused his discretion by not allowing a continuance or the withdrawal of the petition without prejudice; (2) trial counsel provided ineffective assistance in failing to call "an alibi witness;" (3) trial counsel provided ineffective assistance in failing to object to the victim's photo array identification; and (4) trial counsel provided ineffective assistance in failing to object to the victim's trial testimony. *Id.* This Court found the first claim non-cognizable on federal habeas review and the remaining claims procedurally defaulted. *Id.*; Memorandum Opinion, ECF No. 15. On December 15, 2011, this Court denied the Petition and declined to issue a Certificate of Appealability. *Id.*, ECF No. 16. Cole did not appeal.

In May 2014, Cole filed a Petition for Writ of Actual Innocence, or in the Alternative, to Reopen Post Conviction Proceedings in the Circuit Court for Baltimore County. *See Cole v. Maryland*, Case No. 03-K-03-003705 Statement of Reasons (Cir. Ct. for Baltimore County, June 3, 2016); ECF No. 1-1. On March 31, 2015, the Circuit Court denied the Petition for Actual Innocence, but granted the Motion to Reopen Post Conviction Proceedings. Cole appealed the denial of the Petition for Writ of Actual Innocence, but the denial was upheld by the Court of Special Appeals of Maryland by unreported opinion. Statement of Reasons, ECF No. 1-1 at 2.

Pursuant to the granting of the Petition to Reopen Post Conviction Proceedings, Cole filed a Petition for Post Conviction Relief in the Circuit Court for Baltimore County. In the Petition for Post Conviction Relief, Cole presented claims based on the testimony of Timothy Gilpin, a key prosecution witness. Gilpin had testified at trial that he received nothing in return for providing his testimony. There was however, a report prepared by the Baltimore County Police Department which indicated that during his interview Gilpin explained he had a drug addiction problem and asked for help in gaining admission to a long-term rehabilitation program. Statement of Reasons, ECF 1-1 at 2 and n. 1.

In his Post-Conviction Petition, Cole alleged: (1) the State's failure to disclose the report constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) trial counsel was ineffective for failing to use the report to impeach Gilpin's credibility; and (3) the State violated his right to due process by failing to correct Gilpin's testimony which it knew was false. Statement of Reasons, ECF 1-1 at 2-3.

The Circuit Court of Baltimore County held a hearing on the Petition on April 18, 2016, and denied post-conviction relief on June 3, 2016. In its Statement of Reasons, the Circuit Court concluded that the State had in fact provided a copy of the police report with Gilpin's statement to the defense. Further, Circuit Court held that even if counsel's failure to use the report to impeach Gilpin amounted to deficient performance, Cole had not demonstrated he was prejudiced as a result because the "State's evidence of Petitioner's guilt was so overwhelming that there is not a substantial possibility that the final verdict could have been affected." Statement of Reasons, ECF 1-1 at 6. Specifically, the evidence showed that the victim had positively identified Cole as the shooter in a photo array after the shooting, identified the shooter

3

in open court at trial, came face-to-face with Cole just hours before the shooting, and was familiar with Cole. A second witness for the state also identified Cole. A third witness, Cole's former girlfriend, testified that on the night of the shooting Cole had told her that was going to a party in the area where the shooting occurred and, after his arrest, Cole called his girlfriend and told her there was a gun in her driveway underneath the tire of a car. Cole instructed that his brother would pick the gun up, which he did. Cole's girlfriend testified the gun was a revolver, and the State's firearms expert testified the bullets recovered from the shooting were most likely from a revolver. *Id.* at 6-8.

Regarding the due process violation, the Circuit Court noted that if the prosecution knew or should have known its case included perjured testimony, then a reversal of the conviction is warranted if there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." Statement of Reasons, ECF 1-1 at 9 (citing *Wilson v. State*, 768 A.2d 675, 682, 684-85 (2001). As summarized by the Circuit Court, Gilpin testified that he did not ask for help with pending charges, was not promised anything in return for his testimony, and was motivated to testify by the gruesomeness of the crime. Statement of Reasons, ECF 1-1 at 9-10. The Circuit Court determined none of these statements were known by the State to be untrue. *Id.* at 9. Further, the Circuit Court stated that

> While the report reflects that Mr. Gilpin had certainly indicated he would like help getting into a drug treatment program, there was no indication that he would need that in return for his statement. Nor is the fact that he asked for help getting into drug treatment the same as asking for help with his pending charges. The police report does not indicate that Mr. Gilpin was promised drug treatment, only that he requested it, so his testimony that there were no promises and no deal was truthful. The report does not indicate that drug treatment was the motivation for his testimony, only that he did request help.

Statement of Reasons, ECF 1-1 at 9-10. Thus, the Circuit Court concluded the State had no definite knowledge Gilpin's testimony was false and had no duty to correct his statement.

## Discussion

Under 28 U.S.C. §2244, a petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. §2244(b)(3); *Felker v. Turpin,* 83 F.3d 1303, 1305-07 (11th Cir. 1996). The federal habeas statute at 28 U.S.C. §2244(b)(2) provides in part:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Cole provides no evidence he has received prefiling authorization to file this successive petition. Instead, he argues he is actually innocent and there is newly discovered evidence that supports his claim of actual innocence in reliance on *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013); Pet. Reply, ECF No. 4. The Supreme Court held in *McQuiggin* that a petitioner who demonstrates actual innocence of his crime of conviction may, in extraordinary circumstances, proceed with a habeas petition that otherwise would have been statutorily time-barred. 133 S. Ct. at 1928; *see also United States v. Jones*, 758 F.3d 579, 581 (4th Cir. 2014).

The Supreme Court "caution[ed], however, that tenable actual-innocence gateway claims are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (brackets omitted) (quoting *Schlup v. Delo,* 513 U.S. 298 (1995)).

To the extent Cole interprets *McQuiggin* to permit him to file a second or successive petition in the district court without first receiving permission from the appropriate court of appeals, a number of district courts in this circuit have concluded there is no "indication that *McQuiggin* affects the rules or analysis applicable to a successive §2254 petition." *See e.g., Upson v. Lewis*, 2017 WL3822 *3 (D.S.C. August 14, 2017) (collecting cases); *Davis v. Butler*, 2015 WL 500505 (S.D. W. Va. February 4, 2015).

Moreover, Cole's "newly discovered evidence" in the form of the police report is insufficient to meet the demanding actual innocence standard which requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup,* 513 U.S. at 316. Cole's conviction was supported by multiple victim identifications and other witness testimony. The Circuit Court reviewed the record and concluded State witness Gilpin's request for help obtaining drug treatment did not equate to asking for assistance on pending charges against him or obligate the prosecution to object to his testimony. In sum, Cole's reliance on *McQuiggin* is misplaced and his assertion of actual innocence is unavailing. Cole fails to demonstrate that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but

for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. §2244(b)(2)(B)(ii).

The pending Petition is successive and this Court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because Cole provides no evidence that he has received prefiling authorization, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. §2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain prefiling authorization. Because the procedural requirements and deadlines are extensive, the Clerk shall provide Cole with a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Cole wish to seek authorization to file a successive petition. It is to be emphasized that he must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

**Certificate of Appealability**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason;

otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, __ U.S. __, __, 137 S. Ct. 759, 777 (2017) (quoting *Slack*, 529 U.S. at 484). Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Cole has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.

_____/s/_____
PETER J. MESSITTE
October 18, 2017                     United States District Judge